**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3501-17T2

ANN GIESGUTH,

     Plaintiff-Appellant,

v.

ANTHONY J. COSTANZA and
JOYCE M. COSTANZA,

     Defendants-Respondents.

_____

Submitted December 4, 2018 – Decided January 8, 2019

Before Judges Suter and Firko.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1533-16.

The Carroll Law Firm, attorneys for appellant (James J. Carroll, III and Benjamin B. Brenner, on the briefs).

Law Offices of Debra Hart, attorneys for respondents (Eleanore Rogalski, of counsel and on the brief).

PER CURIAM

Plaintiff Ann Giesguth[1] appeals from an order of summary judgment in favor of defendants, Anthony J. Costanza and Joyce M. Costanza, in her verbal threshold case. Finding that plaintiff failed to demonstrate a permanent condition meeting the requirements of the verbal threshold statute or a causal relationship between that condition and the accident that is the subject of suit, we affirm.

Viewed in the light most favorable to plaintiff, see R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), the summary judgment record reveals the following facts and procedural history.

I.

Plaintiff was involved in a motor vehicle accident on July 18, 2014, with a vehicle driven by Anthony J. Costanza. The police report states that as defendant was pulling out of Smithville Cleaners, he was unable to see plaintiff's vehicle and struck it on the right side. She did not seek medical attention. A week later, plaintiff was found unresponsive at her home and she was transported by ambulance to AtlantiCare Medical Center and diagnosed with a

---

[1] Regrettably, plaintiff passed away on June 27, 2017. The record does not disclose whether a motion for leave to file and serve an amended complaint was ever made to permit an Administrator Ad Prosequendum to pursue the action on behalf of plaintiff's estate.

A-3501-17T2

pulmonary embolism. The hospital progress notes stated that plaintiff "apparently suffered a closed head injury, TBI [(traumatic brain injury)], and may be suffering from post-concussive, intermittent delirium with disorientation." After being discharged from the hospital, she was transferred to Royal Suites Rehabilitation where it was recommended that she undergo a neuropsychological evaluation to determine if the TBI was contributing to "her loss of memory and behavioral aberrancies." No such evaluation was ever performed.

In his memorandum of decision on motion, the judge stated, "there is not sufficient objective credible medical evidence to reach a jury on the question of whether [p]laintiff suffered a brain injury causing permanent 'mental decline.'" His decision further held: "There are no medical records which specifically diagnose [p]laintiff with TBI." None of her specialists opined that plaintiff suffered the requisite permanent injury. Only plaintiff's family physician, Dr. Robert H. Williams, who treated her for ten years and examined her shortly before the accident, opined generally that, "[p]laintiff suffered a severe decline in mental status; that in his professional opinion the decline in mental status was caused by the car accident; and that '[t]his injury has not healed to function

3

normally and will not heal to function normally with further medical treatment.'" The judge concluded that this constituted a "net opinion."

Plaintiff's counsel argues that the order should be reversed because sufficient, objective medical evidence was presented to show that plaintiff sustained a permanent injury as defined in N.J.S.A. 39:6A-8(a) because her mental acuity tests showed a "mild cognitive impairment" and "mental decline" that satisfies the verbal threshold. Further, counsel contends that Dr. Williams is in a superior position to opine as to plaintiff's mental decline because he treated her for nearly a decade and he evaluated her a month before the accident.

II.

A plaintiff who is subject to the limitation on lawsuit threshold in N.J.S.A. 39:6A-8(a) must present "objective clinical evidence" that the injury falls within one of the categories of injuries enumerated in the statute. DiProspero v. Penn, 183 N.J. 477, 489 (2005); Serrano v. Serrano, 183 N.J. 508, 518 (2005). We are convinced that plaintiff failed to present sufficient "objective clinical evidence" of a permanent injury here as defined in N.J.S.A. 39:6A-8(a) to vault the threshold.

In order to vault the threshold, a physician must certify that, "the automobile accident victim suffered from a statutorily enumerated injury."

4

<u>Davidson v. Slater</u>, 189 N.J. 166, 181 (2007). That opinion must be based on "objective clinical evidence," N.J.S.A. 39:6A-8(a), a standard that is the equivalent of the "credible, objective medical evidence" standard described in <u>Oswin v. Shaw</u>, 129 N.J. 290, 314 (1992); <u>DiProspero</u>, 183 N.J. at 495. Under that standard, which is a critical element of the cost-containment goals of AICRA,[2] the necessary objective evidence must be "derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" <u>Davidson</u>, 189 N.J. at 181 (quoting N.J.S.A. 39:6A-8(a)).

A physician opining on the permanency of a plaintiff's injury must make such a determination through the use of objective medical evidence. <u>DiProspero</u>, 183 N.J. at 489. If the objective evidence depends on diagnostic and medical testing, those tests "may not be experimental in nature or dependent entirely upon subjective patient response." N.J.S.A. 39:6A-8(a). The Legislature intended these rigorous standards to ensure that a plaintiff could use only honest and reliable medical evidence and testing procedures to prove that an injury met the threshold. <u>DiProspero</u>, 183 N.J. at 489; <u>see, e.g.</u>, N.J.A.C. 11:3-4.5.

---

[2] Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1.

Here, the report prepared by Dr. Williams is based only upon his own general observations of plaintiff's behavior. He did not perform any objective testing on her as required by statute. In fact, no medical tests were performed on plaintiff in accordance with N.J.S.A. 39:6A-4.7, and no neurological exam was conducted. In a similar vein, Dr. Williams's permanency certification simply states that the accident caused plaintiff's mental decline. No medical records establish a TBI diagnosis either.

Plaintiff presented no evidence of a causal connection through objective, credible medical evidence that her apparent mental decline resulted from the accident. In her certified answers to interrogatories, the only injury claimed by plaintiff was a "significant decline in her mental status." No depositions were taken in this case, and the only proffer made to the motion judge in opposition was Dr. Williams's physician certification. The judge aptly found that Dr. Williams offered a net opinion because no records or medical tests substantiated his bare conclusions.

We apply a "deferential approach to a trial court's decision to admit expert testimony, reviewing it against an abuse of discretion standard." Pomerantz Paper Corp. v. New Comm. Corp., 207 N.J. 344, 371 (2011). "[A] court must ensure that the proffered expert does not offer a mere net opinion." Id. at 372.

6

A net opinion is "an expert's bare opinion that has no support in factual evidence or similar data . . . ." Ibid.

An expert witness's opinions that are not reasonably supported by the factual record and an explanatory analysis from the expert may be excluded as net opinion. Creanga v. Jardal, 185 N.J. 345, 360 (2005); accord Greenberg v. Pryszlak, 426 N.J. Super. 591, 607 (App. Div. 2012). In general, an expert should provide the "whys and wherefores" supporting their analysis. Beading v. William Bowman Assocs., 355 N.J. Super. 70, 87 (App. Div. 2002). As this court has explained, "[e]xpert testimony should not be received if it appears the witness is not in possession of such facts as will enable him [or her] to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture.'" Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super. 309, 323 (App. Div. 1996) (alterations in original) (quoting Vuocolo v. Diamond Shamrock Chem., 240 N.J. Super. 289, 299 (App. Div. 1990)).

We agree with the motion judge that Dr. Williams offered a net opinion because it is based upon speculation and therefore, not reliable. In light of these circumstances, we conclude that plaintiff did not satisfy the required showing of a permanent injury sufficient to withstand summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3501-17T2